UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO PINA, | No. C 04-2251 SI (pr) |
|     Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
|     v. | |
| JOE McGRATH, warden, | |
|     Respondent. | |

In 2004, Pablo Pina filed a petition for writ of habeas corpus to challenge a 1986 conviction for murder and burglary. The court dismissed the petition on August 9, 2005 as untimely filed. Now, more than five years later, Pina moves for reconsideration of the order dismissing his petition for writ of habeas corpus.

Pina's motion is based on the premise that his state appeal was still pending when his earlier federal petition was dismissed as unexhausted in 1999. But that is an incorrect premise because his direct appeal had ended 13 years before he filed his earlier federal petition. His appeal of the conviction had been rejected by the California Court of Appeal in 1986 and he had not filed a petition for review in the California Supreme Court. See Motion For Reconsideration, p. 1 and Ex. 12. This court's order dismissing Pina's earlier federal petition as unexhausted in 1999 did not determine that the appeal was pending but instead stated that the federal petition had to be dismissed because Pina had never presented his claims to the California Supreme Court. See id. at Ex. S (Order Of Dismissal in Pina v. Ayers, No. 99-3525 SI). Further, the main case on which he relies, Chavis v. LeMarque, 382 F.3d 912 (9th Cir. 2004), was reversed years ago by Evans v. Chavis, 546 U.S. 189 (2006). Pina's motion for

reconsideration comes nowhere near to explaining the 18-year delay between the conclusion of direct review and the filing of the petition for writ of habeas corpus in this action.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is not appropriate here because Pina's motion reflects nothing more than disagreement with the court's analysis in the 2005 order of dismissal. Relief under Rule 60(b) is not available because such a motion must be filed within a reasonable time, and not more than a year after the entry of judgment for certain Rule 60(b) motions. See Fed. R. Civ. P. 60(c). A motion filed more than five years after the entry of judgment with no explanation of the extreme delay is not filed within a reasonable time. The motion for reconsideration is DENIED. (Docket # 29.)

IT IS SO ORDERED.

DATED: February 2, 2011

SUSAN ILLSTON
United States District Judge